UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

TABATHA BEDONT
(Executor of the Harpt Estate),

Plaintiff,

v.

CHIME FINANCIAL, INC.,

Defendant.

Case No. 1:25-cv-00310-BLW

**MEMORANDUM DECISION AND ORDER**

Before the Court is Plaintiff Tabatha Bedont's Motion to Extend Stay (Dkt. 16). For the reasons set forth below, the Court will deny the motion and lift the stay.

**BACKGROUND**

Tabatha Bedont, proceeding pro se, filed this action in state court in May 2025, and Chime Financial, Inc. removed it to this Court in June 2025. Before Chime answered, the parties stipulated to submit Bedont's claims to binding arbitration and asked the Court to stay the case pending completion of that arbitration. *See* Dkt. 7. The Court approved the stipulation and stayed the case on July 21, 2025. *See* Dkt. 8.

Nothing further was filed for seven months. On February 23, 2026, the Court directed the parties to submit a joint status report by March 6, 2026, advising the Court of the status of the arbitration and whether the case would proceed or be dismissed. Bedont responded with a notice of mediation progress, *see* Dkt. 11, a stipulation to continue arbitration that she alone signed, *see* Dkt. 12, and a motion to extend the stay by six months

so the parties could continue what she described as mediation efforts, *see* Dkt. 10. Chime filed nothing, and the Court expedited its deadline to respond to the motion. In its response, Chime reported that the parties were engaged in productive discussions aimed at resolving the dispute in its entirety, clarified that no formal mediation had been initiated, and stated that the parties intended to proceed with arbitration if settlement proved infeasible. *See* Dkt. 14. Chime agreed that the stay should remain in place. *Id.*

On July 13, 2026, the Court again directed the parties to file a joint status report, this time by July 27, 2026, advising the Court of the status of the case and whether they intended to proceed with arbitration. Only Bedont responded. She filed a document captioned as a joint status report, but the signature line for Chime's counsel is blank and the document bears only her signature. *See* Dkt. 16-3. The report states that mediation was extended again at Chime's request, that discussions are ongoing, and that the matter will proceed to arbitration if no agreement is reached within sixty days, and it asks the Court to continue the stay for another six months. Bedont separately moved to extend the stay, *see* Dkt. 16, filed a second notice of mediation progress, *see* Dkt. 16-2, and filed a second stipulation to continue arbitration that, like the first, she alone signed, *see* Dkt. 17. Chime again submitted nothing in response to the Court's order.

## ANALYSIS

Bedont asks the court to extend the stay in this matter for an additional three months, stating the parties "continue to engage in mediation efforts in good faith, and believe that additional time may facilitate resolution without the need for arbitration." *See* Dkt. 16 at 1. A district court has broad discretion to manage its docket, including the discretion to lift a

stay it has entered. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). That discretion has limits, and stays of indefinite duration are disfavored. *Id.* at 257; *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066–67 (9th Cir. 2007).

The stay here was entered for a single purpose, which was to allow the parties to complete the arbitration they had agreed to pursue. More than a year later, the parties have not initiated arbitration, nor have they engaged in any formal mediation. They report instead that they have continued open-ended settlement discussions. The Court encourages those discussions, but the case need not remain stayed for them to continue.

The Court has twice directed the parties to report on the status of the arbitration, and Chime has responded to neither order, leaving the Court with a joint status report its counsel did not sign and a stipulation carrying Bedont's signature alone. Dkts. 16-3, 17. On a record that offers no explanation of what has prevented the parties from initiating arbitration and no date by which they will do so, the Court declines to extend the stay another six months. Lifting the stay does not disturb the parties' agreement to arbitrate. If they initiate binding arbitration, they may renew their request for a stay.

## ORDER

**IT IS ORDERED that:**

1. Plaintiff Tabatha Bedont's Motion to Extend Stay (Dkt. 16) is **DENIED**.

2. Plaintiff Tabatha Bedont's Motion to Extend Stay (Dkt. 10) is **DENIED as MOOT.**

3. The stay in this case is **LIFTED**.

4. Within twenty-one (21) days from the issuance of this order, the parties must file with the Court joint litigation and discovery plans pursuant to District of Idaho Local Rule 16.1. Once the parties' litigation and discovery plans have been submitted, the Court will schedule a telephonic scheduling conference, if necessary.

DATED: September 14, 2026

B. Lynn Winmill
U.S. District Court Judge